# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KELVIN SETTLE,                )
                               )
           Plaintiff,         )
                               )
        v.               )         No. 4:13-CV-1144-JCH
                               )
DRUG ENFORCEMENT      )
ADMINISTRATION, et al.,     )
                               )
           Defendants.    )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Kelvin Settle (registration no. 26754-044) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $28.61. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $143.05, and an average monthly balance of $87.36.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $28.61, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis in either

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Terre Haute Federal Correctional Institution in Terre Haute, Indiana, seeks monetary relief in this action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,403 U.S. 388 (1971), for the violation of his constitutional rights.  In addition, plaintiff asserts pendent state-law claims for fraudulent and negligent misrepresentation and fraud on the court.  Named as defendants are the Drug Enforcement Administration, John McGarry (Special Agent), and "Three or More Unknown Named Drug Enforcement Agents."

Plaintiff alleges that his Fourth Amendment rights were violated on August 10, 2006, when the trunk of his car was searched without a warrant or probable cause,

resulting in the seizure of $796,875 in U.S. currency.  Plaintiff further alleges that, on the same day, "Agent McGarry executed . . . a bogus/fabricated address (3000 Cardinal City of St. Louis) disclaimer," and stated under oath that the money seized from plaintiff came from said address.  Plaintiff claims that the address does not exist. Plaintiff alleges that he was indicted on December 13, 2007, based on fabricated information.  A warrant was issued on February 19, 2008, and plaintiff states that he was arrested "based on a hunch," rather than probable cause.

### Discussion

To determine the applicable limitations period for *Bivens* claims, federal courts borrow state statutes of limitations for general personal injury claims.  *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995).  In Missouri, the applicable limitations period for general personal injury claims is five years.  Mo. Rev. Stat. § 516.120(4) (2000).  The instant complaint bears a signature date of June 10, 2013. Because all of the events set forth in the complaint occurred more than five years prior to the filing of this case, the Court will dismiss this action as untimely.  *See* 28 U.S.C. § 1915(e)(2)(B).

Given that plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before

trial, remaining state claims should also be dismissed); *Hassett v. Lemay Bank & Trust Co.*,851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed, district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $28.61 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is time-barred.  *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th  Day of August, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

-5-